## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————
                                               )
ALLIED PILOTS ASSOCIATION,          )
                                               )
            Plaintiff,                      )
                                               )
    v.                                      )        Case No. 1:08-cv-01335-RMC
                                               )
AMERICAN AIRLINES, INC.,            )
                                               )
            Defendant.                    )
—————————————————————)

### ANSWER OF DEFENDANT AMERICAN AIRLINES, INC.

Defendant American Airlines, Inc. ("Defendant" or "American"), by and through

its undersigned counsel, Morgan, Lewis and Bockius LLP, hereby answer the Plaintiff's

Complaint for Expedited Declaratory Relief ("Complaint") according to the numbered

paragraphs thereof, as follows:

### JURISDICTION AND VENUE

1.    Defendant admits that the Court has jurisdiction over this action.

2.    Defendant admits that it does business and is subject to personal

jurisdiction in this judicial district, but Defendant denies that it conducts airline

operations in the District of Columbia.

### THE PARTIES

3.    Defendant admits the allegations of paragraph 3 of the Complaint.

4.    Defendant admits the allegations of paragraph 4 of the Complaint.

### GENERAL ALLEGATIONS

5.    Defendant admits the allegations of paragraph 5 of the Complaint.

6.    Defendant admits the allegations of paragraph 6 of the Complaint

7.    Paragraph 7 of the Complaint sets forth a statement of law as to which no response is necessary.

8.    Paragraph 8 of the Complaint sets forth a statement of law as to which no response is necessary.

9.    Defendant denies the allegations of paragraph 9 of the Complaint.

10.    Defendant denies the allegations of paragraph 10 of the Complaint.

11.    Defendant denies the allegations of paragraph 11 of the Complaint. Defendant further avers that Plaintiff has a "past practice" of encouraging American pilots to engage in a variety of concerted activities in violation of the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, and has been enjoined repeatedly for such violations by the United States District Court for the Northern District of Texas: in 1973 (copy of temporary restraining order attached as Exhibit 1); in 1990 (copy of temporary restraining attached as Exhibit 2); in 1999 (copy of temporary restraining order attached as Exhibit 3 and copy of agreed order including permanent injunction attached as Exhibit 4), and resulting in a judgment of over $45 million in compensatory contempt damages. *See American Airlines, Inc. v. Allied Pilots Ass'n*, 53 F. Supp.2d 909 (N.D. Tex 1999), *aff'd*, 228 F.3d 574 (5th Cir. 2000), *cert. denied,* 531 U.S. 1191 (2001). Defendant further avers that each of the prior injunctions enjoined all forms of concerted efforts to disrupt American's operations, which included activities such as the type of concerted refusal to fly open time that is the subject of Plaintiff's request for declaratory relief here.

12.    Defendant does not have sufficient knowledge of the nature of Plaintiff's intentions to affirm or deny the allegations of paragraph 12 of the Complaint. To the extent paragraph 12 alleges that the Allied Pilots Association ("APA") or the pilots have

2

a right to engage in a concerted refusal to work voluntary overtime, Defendant denies the allegations of paragraph 12.

13.    Defendant admits that on or about July 15, 2008, it informed Plaintiff of the possibility that up to 200 pilots would be furloughed beginning in October, 2008 as a result of planned schedule reductions in the fourth quarter of 2008.  Defendant avers that it informed Plaintiff that the necessity, timing, and size of the possible furloughs could be affected by a variety of factors.  Defendant further avers that it has recently informed Plaintiff that no pilot furloughs will occur on October 1, 2008, and that after September 1, 2008, Defendant will be able to better assess the likelihood of furloughs.  Defendant otherwise denies the allegations of paragraph 13 of the Complaint.

## FIRST CAUSE OF ACTION

14.    Defendant incorporates by reference and repeats its answers to paragraphs 1 through 13 as set forth above.

15.    Defendant denies the factual allegations contained in paragraph 15 of the Complaint and Defendant further denies that Plaintiff is entitled to the declaration requested.

## SECOND CAUSE OF ACTION

16.    Defendant incorporates by reference and repeats its answers to paragraphs 1 through 15 as set forth above.

17.    Defendant does not have sufficient knowledge of the nature of Plaintiff's intentions to affirm or deny the allegations of paragraph 17 of the Complaint.  To the extent paragraph 17 alleges that APA or the pilots have a right to engage in a concerted refusal to work voluntary overtime, Defendant denies the allegations of paragraph 17.

3

WHEREFORE, Defendant denies each and every allegation in the Complaint not specifically admitted herein, and Defendant further denies that Plaintiff is entitled to any relief as requested in its prayer for relief and further denies any factual allegations contained therein. Defendant requests that the Complaint be dismissed, that this Court grant judgment in favor of Defendant, and that Defendant be awarded its costs and attorneys' fees expended in the defense of this action and such other relief as this Court may deem appropriate.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust the major dispute procedures of the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, so Plaintiff is precluded from exercising self-help related to its furlough mitigation proposal to American.

THIRD AFFIRMATIVE DEFENSE

The relief sought by Plaintiff would encourage a violation of the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, by Plaintiff and American pilots acting in concert with Plaintiff.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrines of waiver, estoppel, and res judicata.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff has unclean hands precluding it from obtaining declaratory or other relief in its dispute with American.

4

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for declaratory relief is not ripe.

Dated: August 15, 2008                    Respectfully submitted,

                                          /s/ Thomas E. Reinert, Jr._____
                                          Thomas E. Reinert, Jr. (D.C. Bar # 336867)
                                          Harry A. Rissetto (D.C. Bar # 059857)
                                          Jonathan C. Fritts (D.C. Bar # 464011)
                                          MORGAN, LEWIS & BOCKIUS LLP
                                          1111 Pennsylvania Ave., N.W.
                                          Washington, DC  20004
                                          (202) 739-5084
                                          Fax: (202) 739-3001
                                          Email: treinert@morganlewis.com

                                          Counsel for Defendant
                                          AMERICAN AIRLINES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

AMERICAN AIRLINES, INC.

        Plaintiff

VS.

ALLIED PILOTS ASSOCIATION,
ET AL,

        Defendants.

CIVIL ACTION NO. _____ 2302

## TEMPORARY RESTRAINING ORDER

This cause came on to be heard on the 14 day of
February, 1973, on the verified complaint of American
Airlines, Inc. and Affidavits supporting such complaint pursuant
to Rule 65 of the Federal Rules of Civil Procedure for a Temporary
Restraining Order. Such Temporary Restraining Order is requested
by Plaintiff to be entered without notice to the adverse parties
herein. The verified complaint makes this request for this relief
on the grounds that Defendants are engaging in a slowdown prohibited
by the Railway Labor Act and that such illegal slowdown has resulted
and will result in irreparable harm and injury to the damage to
Plaintiff's business and property and will also result in irreparable
harm and injury to the public in that it will be an unlawful inter-
ference with the free flow of interstate commerce.

On the basis of Plaintiff's verified complaint and the affi-
davits in support thereof, the Court is of the opinion that such
ex parte Temporary Restraining Order without notice to the adverse
parties should, in all things, be granted because if same is not
done, Plaintiff will suffer irreparable injury to its business and
property and the public will be denied its regular and free use of
the channels of interstate commerce. The foregoing constitutes
good and sufficient reasons for the issuance of this Temporary
Restraining Order Without Notice.

NOW, THEREFORE, IT IS ORDERED that the Defendants, the
members of Defendants, Allied Pilots Association, et al, their
officers, agents and servants, the employees of Plaintiff repre-
sented by Defendants, Allied Pilots Association, et al, and all
persons and labor organizations in active concert and participa-
tion with them, and each of them, who receive actual notice of
this Order by personal service or otherwise, including by means
directed by this Court herein, be and they hereby are restrained
from engaging, or participating in, calling, inducing, instigating,
authorizing, encouraging, approving or continuing any slowdown or
concerted refusals properly to perform assigned duties, any con-
duct which would amount to a concerted and deliberate effort to
reduce output in efficiency in order to obtain concessions from
American Airlines, Inc. any further implementation of the so-called
"POTS" Plan A, or "CAP" Plan B, including regular telephone tapings
encouraging the pilots of American Airlines, Inc. to carry out
same, and from all acts in furtherance or in support thereof, prior
to exhaustion of the procedures of the Railway Labor Act for the
resolution of disputes as therein provided.

Named Defendants herein and all other officers and persons
in authority of Allied Pilots Association are hereby ordered to
disseminate the letter and spirit and language of this Order to
the pilots of American Airlines, Inc. and take affirmative action
through words and acts to see that this Order is immediately
implemented.

This Order shall expire no later than the 23 day of
February , 1973, at 11 o'clock A m., and this
matter is set at that time for hearing to determine whether a
Preliminary Injunction continuing this Order should be entered
at that time pending final hearing on a Permanent Injunction.

TEMPORARY RESTRAINING ORDER
PAGE 2

The Court is advised by Affidavit of attorney for American Airlines that the named Defendants are all in California in labor negotiation and, accordingly, this Order shall be considered to be served upon the Defendants by service of a copy of this Order by the U. S. Marshall in Arlington, Tarrant County, Texas, at the office of Allied Pilots Association in that city.

The Court further orders that Plaintiff shall, by use of Western Union Telegraph, immediately notify N. J. O'Connell, President of Allied Pilots Association, William M. Barry, Vice President of Allied Pilots Association, and William Culbertson, Secretary-Treasurer of Allied Pilots Association, at ~~Hinton Hotel Island~~ ~~Hotel San Diego California~~ where, the Court is advised, they are at present. Such conduct of Plaintiff by causing such notification to be sent shall be considered by this Court to be service herein.

Upon motion by Plaintiff leave is hereby granted to Plaintiff to take depositions of N. J. O'Connell, William M. Barry, and William Culbertson, and any other material witnesses who are members of Allied Pilots Association in an appropriate room at the American Airline's Flight Academy, Tarrant County, Texas, on twenty-four hours notice to such persons or legal counsel of Allied Pilots Association or notice to N. J. O'Connell, William M. Barry, and William Culbertson.

The condition of this Order is that Plaintiff shall file a bond in the usual form, to be approved by the Court, in the amount of ~~Ten Thousand~~ ($10,000.00) Dollars.

ENTERED AND SIGNED this 14 day of February 1973, at 4:75 o'clock A m. in the Court's chambers at the Federal Court-house in Fort Worth, Texas.

/s/ Eldon B. Mahon
United States District Judge

TEMPORARY RESTRAINING ORDER
PAGE 3

filed
12/26/90
an

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AMERICAN AIRLINES, INC.,          )
                                  )
        Plaintiff,                )
                                  )
    v.                            )          Civil Action
                                  )          No. CA-4-90-986E
ALLIED PILOTS ASSOCIATION, et al.,)
                                  )
        Defendants.               )
                                  )

## TEMPORARY RESTRAINING ORDER

        This case is before the Court on Plaintiff's Motion for
a Temporary Restraining Order restraining and enjoining the
Allied Pilots Association, Frederick R. Vogel, Wayne K.
Guessford, C. R. Paty, William M. Shea, Robert C. Garrett, Brian
A. Mayhew, Patrick J. Handrick, Douglas W. Walsh, Edwin C. White,
Jody G. Hill, Michael J. Bass, Dennis A. Petretti, Richard T.
Lavoy, Bruce R. Bradley, Marvin R. Bryant, Michael C. Shanholtz,
Jerry J. Cook, Dana R. Mackimmie III, David W. Gould, Robert A.
Steele, Leonard W. Duncan, Douglas J. McClelland, John K. Cutter,
and Peter E. Trott, (hereafter collectively referred to as
Defendants) and all persons acting in concert with Defendants
from calling, permitting, instigating, authorizing, encouraging,
participating in, approving of, or continuing any delay,
disruption, curtailment, or restriction of airline operations,
including but not limited to strikes, picketing, work stoppages,
slowdown activity, sick outs and other forms of self help in
violation of the Railway Labor Act.

Plaintiff American Airlines, Inc. is a common carrier by air engaged in the transportation of freight and passengers in intrastate and interstate commerce throughout the United States and in foreign countries and territories.  The Defendant Allied Pilots Association represents certain of American's employees working in the craft or class of airline pilots.  The individual Defendants are officers, representatives, or members of the Defendant labor organization, or are employees of the Plaintiff represented by the Defendant labor organization.

It has been made to appear by the Complaint filed herein, and by the Declarations filed with Plaintiffs' Motion for Temporary Restraining Order, that Plaintiff is likely to prevail on the merits of its claims and that a restraining order should issue, because immediate, substantial and irreparable damage, injury or loss will result to American Airlines before notice of any further proceedings in this action can be served and a hearing had herein, in that if said disruptive activity is continued, it will cause American Airlines to suffer a substantial loss of revenue and passenger goodwill which it can never recover.  It has further been made to appear by the Complaint and appended Declarations that the public will be denied its regular, efficient and free use of the channels of interstate commerce.

It has further been made to appear to the Court that if the Temporary Restraining Order is issued, the injury, if any to Defendants herein, if final Judgment be granted in their favor,

- 2 -

will be inconsequential when compared with the loss and hardship which the Plaintiff will suffer if the Order is not issued and furthermore any such injury to Defendants will be adequately indemnified by bond.

NOW, THEREFORE, on motion of counsel for the Plaintiffs,

IT IS ORDERED, that the Defendant labor organization and the other named Defendants, their agents, successors, deputies, servants and employees, and all persons acting by, in concert with, through or under them, and each of them, or by or through their order, and all others acting in concert or in participation with them, be and they are hereby restrained until January 5, 1991, at 5:00 o'clock p.m., unless dissolved prior thereto, or further extended:

1. from engaging in any concerted conduct to disrupt airline operations or to disrupt the status quo as it existed prior to ~~the amendable date of the current APA - American~~ *December 30, 1989.* ~~collective bargaining agreement~~.

AND IT IS FURTHER ORDERED;

2. that the Defendant labor organization give notice to all American pilots advising those engaged in any slowdown or sick out activity to cease and desist all participation in such activity or other acts of self-help in violation of the Railway Labor Act; and to cease all exhortations or communications encouraging same; and,

- 3 -

3.    that the Defendant labor organization notify expeditiously all pilots represented by it who are employed by American Airlines, of the issuance and contents of this Temporary Restraining Order and report within 24 hours to the Court by a sworn affidavit of the methods used to effect such notice.

4.    That the Defendant labor organization shall forthwith cause the verbatim contents of the ordering paragraphs one through five of this Order to be read on its national and all other telephone hotlines under the control of any Defendants.

5.    As they are used in paragraph 1 of this Order, the words "concerted conduct" includes: slowdown activity, sick outs, or the filing of maintenance write-ups for the purpose of influencing negotiations; any further implementation of so-called "fly-the-contract" or work-to-the-rule type tactics for the purpose of influencing negotiations; any further telephone hotline tapings or other communications of any kind encouraging the pilots of American Airlines, Inc. to carry out same, and from all other acts in furtherance or in support thereof; and from failing to exert every reasonable effort to maintain the status quo between the parties prior to exhaustion of the procedures of the Railway Labor Act for the resolution of disputes as therein provided.

This Temporary Restraining Order is on condition that a security be filed by Plaintiffs herein in the sum of $25,000.00 and that the said Defendants shall recover from the Plaintiff

- 4 -

under said bond all costs and damages, if any, suffered by them in the event the Plaintiffs do not succeed in this action.

IT IS FURTHER ORDERED, and the parties are hereby notified that on January 3, 1991, at 10 o'clock a.m., the parties shall appear before this Court for a hearing on Plaintiff's Motion for a Preliminary Injunction.

_____

United States District Judge

John McBryde

Issued at 7:20PM o'clock
26th day of December, 1990.

- 5 -

**AMERICAN AIRLINES, INC., Plaintiff, vs. ALLIED PILOTS ASSOCIATION, et al., Defendants.**

**Case No. 7:99-CV-025-X**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, WICHITA FALLS DIVISION**

*1999 U.S. Dist. LEXIS 1267*

**February 10, 1999, Decided**
**February 10, 1999, Filed, Entered**

**COUNSEL:** **[*1]** For AMERICAN AIRLINES INC., plaintiff: Donald Edward Hermann, Attorney at Law, Dee J Kelly, Sr., Attorney at law, Henry Howard Robinson, Attorney at Law, Kelly Hart & Hallman, Fort Worth, TX. Harry A Rissetto, Morgan Lewis & Bookies, Washington, DC USA.

For ALLIED PILOTS ASSOCIATION, defendant: Sanford Ross Denison, Attorney at Law, Baab & Denison, Dallas, TX USA. Edgar N James, James & Hoffman, Washington, DC.

**JUDGES:** Joe Kendall, U.S. District Judge.

**OPINION BY:** JOE KENDALL

**OPINION**

*TEMPORARY RESTRAINING ORDER*

1. This case is before the Court on Plaintiff's Motion for a Temporary Restraining Order enjoining Defendants Allied Pilots Association ("APA"), the individual named Defendants and all persons acting in concert therewith, from calling, permitting, instigating, authorizing, encouraging, participating in, approving or continuing any form of interference with American's airlines operations, including but not limited to any strike, work stoppage, sick-out, slowdown, or other concerted refusals to fly in violation of the Railway Labor Act, *45 U.S.C. §§ 151-188 (1988)* ("RLA").

2. Plaintiff American Airlines, Inc. ("American") is a common carrier by air engaged in the transportation **[*2]** of freight and passengers in intrastate and interstate commerce throughout the United States. APA is a labor organization that is the exclusive bargaining representative of American's pilots. The individual Defendants are officers and representatives of APA.

3. It has been made to appear by the Complaint for Injunctive Relief and Damages with accompanying Declarations filed herewith, and by the Plaintiff's Motion for a Temporary Restraining Order and accompanying materials, that a Temporary Restraining Order should issue because American is likely to succeed on the merits of its claims that Defendants are violating the RLA, and because immediate, substantial and irreparable damage, injury or loss will result to American before a hearing on its request for a preliminary or permanent injunction can be had. If the disruptive activity set forth in paragraph (1) above is continued, American will suffer an incalculable loss of revenue, as well as the loss of public goodwill which it can never recover. Further, American will lose traffic which it may never regain in its airline system, and may be compelled to curtail substantially or eliminate transportation services which will deprive **[*3]** large numbers of the public of essential service, all of which will cause irreparable damage and injury to American for which it has no adequate remedy at law, as well as serious and substantial damage to the public interest.

4. It further appears to the Court that if the Temporary Restraining Order is issued, the injury, if any, to Defendants herein, if final Judgment be granted in their favor, will be inconsequential when compared with the loss and hardship which American and the public will suffer if the Order is not issued and, furthermore, that any such injury suffered by Defendants will be adequately indemnified by bond.

Now, THEREFORE, upon the arguments of counsel and for the reasons stated on the record as findings of facts and conclusions of law,

IT IS ORDERED, that the Defendants, and each of them, their agents, successors, deputies, servants and employees, and all persons acting by, in concert with, through or under them, or by and through their orders, are hereby temporarily restrained pending a hearing on the preliminary injunction in this matter:

    (a) From calling, permitting, instigating, authorizing, encouraging, participating in, approving or continuing **[*4]** any interference with American's airline operations, including but not limited to any strike, work stoppage, sick-out, slowdown or other concerted refusals to fly over a minor dispute or otherwise in violation of the RLA, *45 U.S.C. §§ 151-188 (1988).*

AND IT IS FURTHER ORDERED:

    (b) That the said Defendants and said other persons acting in concert with them shall take all reasonable steps within their power to prevent the aforesaid actions, and to refrain from continuing the aforesaid actions if commenced.

    (c) That the said Defendants shall instruct all pilots to resume their normal working schedule, and provide Plaintiff a copy of all such instructions.

    (d) That APA and the individually named Defendants notify, by the most expeditious means possible, all APA-represented pilots employed by American of the issuance, contents and meaning of this Temporary Restraining Order, and produce a copy of all such messages to Plaintiff.

    (e) That the notice described in (d) above include a directive from APA to those pilots who are engaging in a sick-out or other concerted refusals to fly to cease and desist all such activity and to cease and desist all exhortations or **[*5]** communications encouraging same.

    (f) That APA and the individually named Defendants post the notice described in (d) above to APA's Internet web site, and provide a copy of the notice to the Plaintiff.

    (g) That APA and the individually named Defendants include the contents of the ordering paragraphs of this Order on all recorded telephone hotlines under control of Defendants or any of them, until such time as the Court has acted on Plaintiff's Motion for a Preliminary Injunction, and provide a copy of all messages to the Plaintiff.

    (h) That APA and the individually named Defendants report by 12:00 noon on February 12, 1999, by sworn affidavit, the methods used to effect the notice described in (d) above to all APA-represented pilots.

    (i) All copies required to be furnished to the Plaintiff by Defendants under this Order shall also be contemporaneously furnished to the Court.

IT IS FURTHER ORDERED

    (j) That the parties shall appear before this Court on March 8, 1999 at 2:00 p.m. for a hearing on Plaintiff's Motion for a Preliminary Injunction. The parties have agreed and consented to this date and to the continuation of the Temporary Restraining Order **[*6]** through the Preliminary Injunction Hearing.

This Temporary Restraining Order is issued on the condition that a bond be filed by Plaintiff herein in the sum of $10,000.00 and that said Defendants shall recover from the Plaintiff under said bond all costs and damages, if any, suffered by them in the event that Plaintiff does not succeed in this action.

SO ORDERED this *10th* day of February, 1999.

Joe Kendall

U.S. District Judge

ISSUED at *4:00 PM* o'clock *10th* day of *February*, 1999.

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

F I L E D

JUN 2 4 1999

NANCY DOHERTY, CLERK
By_____
                Deputy

| | |
|---|---|
| AMERICAN AIRLINES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALLIED PILOTS ASSOCIATION, | ) |
| ET AL., | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 7:99-CV-025-X

## AGREED ORDER, INCLUDING
## PERMANENT INJUNCTION

On or about February 10, 1999, this action was filed in the United States District Court

for the Northern District of Texas,  in the form of a Complaint for Injunctive Relief, in which

Plaintiff, American Airlines, Inc. ("American") sought to prohibit the Defendant Allied Pilots

Association ("APA"), the individual named Defendants and all other persons acting in concert

therewith, from calling, permitting, instigating, authorizing, encouraging, participating in,

approving or continuing any form of interference with American's airline operations, including

but not limited to any strike, work stoppage, sick-out, slowdown, or other concerted refusals to

fly over a minor dispute or otherwise in violation of the Railway Labor Act, 45 U.S.C. §§ 151-

188 (1988) ("RLA").

On February 10, 1999, this Court granted American's Motion for a Temporary Restraining

Order, concluding that American was likely to succeed on the merits of its claims, that American

would suffer substantial and irreparable injury if the Temporary Restraining Order was not

granted, that the injury to Defendants would be inconsequential when compared with the loss and

hardship that American would suffer if the Temporary Restraining Order was not issued, and that the public interest favored entry of the Temporary Restraining Order.

The Temporary Restraining Order entered on February 10, 1999, among other things, restrained the Defendants, and each of them, their agents, successors, deputies, servants and employees, and all persons acting by, in concert with, through or under them, or by and through their orders, "[f]rom calling, permitting, instigating, authorizing, encouraging, participating in, approving or continuing any interference with American's airline operations, including but not limited to any strike, work stoppage, sick out, slow down or other concerted refusals to fly over a minor dispute or otherwise in violation of the RLA, 45 U.S.C. §§ 151-188 (1988)." The Temporary Restraining Order also ordered Defendants to undertake certain affirmative actions, including, but not limited to, "all reasonable steps within their power to prevent the aforesaid actions, and to refrain from continuing the aforesaid actions if commenced."

To avoid the uncertainties and substantial costs associated with continued litigation of the injunction issues raised in American's Complaint, the authorized representatives of American, the APA and the individual named Defendants have agreed to the entry of this Agreed Order as a final Order with respect to American's Complaint for Injunctive Relief. However, the parties further agree, and the Court so orders, that this Agreed Order does not supersede, stay, modify or alter the Court's rulings, findings and orders on Plaintiff's Motion for Contempt, particularly the determination of compensatory damages due to be paid to American, which Defendants APA, Richard T. Lavoy and Brian A. Mayhew intend to appeal. Furthermore, the Court shall retain jurisdiction over the Motion for Contempt as it relates to Defendants Robert P. Morgan, David O. Aldrich, Robert Ames, Stanley C. Bissell, Denis M. Breslin, Dennis DellaGreca, J.S. Ditty, Ernest L. Dryer, David P. Dunquemin, L.G. Foster, Daniel W. Hall, Charles T. Hepp, Lloyd D.

AGREED ORDER, INCLUDING PERMANENT INJUNCTION - Page 2

Hill, Mark L. Hunnibell, Jeff Marchand, Norman A. Patterson, Jr., Donald W. Pitts, Steve Roach, S. Randy Trommer, Michael R. Mellerski, John E. Darrah, L.P. Turcotte, and K.W. Michaelsen for the purpose of conducting such further hearings and making such further orders as the Court may deem necessary and appropriate.

NOW THEREFORE, with the consent of the parties hereto, and in accordance with the law:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     The Defendants, and each of them, their agents, successors, deputies, servants and employees, and all persons acting by, in concert with, through or under them, or by and through their orders, are permanently enjoined and prohibited from calling, permitting, instigating, authorizing, encouraging, participating in, approving or continuing any interference with American's airline operations, including but not limited to any strike, work stoppage, sick-out, slowdown or other concerted refusals to fly, over a minor dispute or otherwise in violation of the RLA, for the duration of the American/APA collective bargaining agreement dated May 5, 1997, and the status quo period following the amendable date until the mandatory provisions of Sections 5, 6 and 10 of the RLA have been exhausted.

2.     This Agreed Order is binding and enforceable by citation of contempt of court. All proceedings relating to enforcement of or compliance with the terms of this Agreed Order shall be brought in this same United States District Court for the Northern District of Texas,  which Court shall retain continuing jurisdiction to enforce the terms of this Agreed Order.

3.     The costs of this litigation shall be borne by the respective parties, as incurred, including attorneys fees and expenses.

AGREED ORDER, INCLUDING PERMANENT INJUNCTION - Page 3

4.  This Agreed Order in no way constitutes an acknowledgment or admission by Defendants or any of them, of any violation of any federal, state or local law, common law or local or municipal statute or regulations, or breach of any other legal obligation or duty of the parties to each other or any other person. This Agreed Order is not intended to evidence or constitute an estoppel against Defendants, or any of them, in proceedings that may be brought against Defendants in other courts or jurisdictions.

5.  This Agreed Order is based upon the agreement of the parties and is not subject to further appeal.

The Plaintiffs and Defendants, acting by and through their legal counsel, acknowledge their understanding of the terms, nature and scope of this Agreed Order, and represent their free, wiling, and knowing acceptance of this Agreed Order as resolving the current dispute between them except as provided herein.

_____
U.S. DISTRICT JUDGE JOE KENDALL

AGREED AS TO FORM AND CONTENT:


_____
Attorney for Defendants

_____
Date

_____
Attorney for Plaintiff American Airlines, Inc.

_____
Date

AGREED ORDER, INCLUDING PERMANENT INJUNCTION - Page 4